THE STATE, USE OF COAHOMA COUNTY, *v.* J. H. BROWN ET AL.

1. CHANCERY. *Suit on two bonds of tax-collector. Account. Jurisdiction. Multifariousness.*

A suit in chancery was brought, for the use of the county of C., against the sureties on two bonds given by B. as sheriff and tax-collector, one executed on the 29th of December, 1873, and the other on the 28th of December, 1874. There were four sureties on the first bond, and eleven on the second, only one of whom signed both bonds. The bill alleged that at divers times between the 15th of October, 1874, and the 1st of March, 1875, B. had collected, as tax-collector, a large amount of county taxes which he had not paid over to the county treasurer, but had converted to his own use ; that the books and memoranda kept by B. show the aggregate amount of his default, but to a great extent fail to show the dates of his collections ; so that the complainant could not state how much of the taxes was received under the first bond, nor how much under the second, and, therefore, could not state how much of the default was chargeable to either set of sureties. The prayer was that an account be taken, to ascertain the full amount due the county ; that the two sets of sureties be required to interplead, to determine the liability on the respective bonds ; and that a decree be rendered against the proper sureties according to such liability. A demurrer to the bill, on the grounds (1) that the remedy at law was adequate, and (2) that the bill was multifarious, was sustained. *Held,* that the demurrer should have been overruled.

2. SAME. *Pleading. Multifariousness. Interest of defendants.*

It is not necessary, in order to avoid multifariousness in a bill in chancery, that each of the several defendants thereto shall be interested in the whole matter in controversy ; it is sufficient if they are all interested in the general subject in litigation.

3. SAME. *Jurisdiction. Remedy at law.*

The fact that there is a remedy at law upon any certain cause of action does not preclude the jurisdiction of the court of chancery. If the remedy at law be inadequate to afford full and effectual relief, a court of chancery has the jurisdiction to administer the proper relief.

APPEAL from the Chancery Court of Coahoma County.

Hon. W. G. PHELPS, Chancellor.

This suit was brought in August, 1880, for the use of Coahoma County, against the sureties on two several bonds given by John Brown as sheriff and tax-collector of that county. The bill alleged substantially these facts : Brown was elected sheriff for the term of two years, commencing on the 1st of January, 1874. On the 29th of December, 1873, he gave a bond as sheriff and tax-collector, signed by four sureties. On the 28th of December, 1874, in compliance with an order of the Board of Supervisors of the county, he gave a new bond, with eleven sureties, none of whom were on the first bond, except one. At divers times between the 15th of October, 1874, and the 1st of March, 1875, Brown, as tax-collector, collected the various county taxes (the several aggregate amounts of which were stated), and had neglected to pay over to the county treasurer a large portion thereof, which he had converted to his own use. The books and memoranda kept and made by Brown as tax-collector, during the period above mentioned, show the total amounts of his default on the several accounts for which the taxes were collected, but do not show to a great extent the exact dates when the collections were made ; so that the complainant could not state how much of the taxes was received under the first bond, nor how much under the second, and, therefore, could not state how much was chargeable to the sureties on the one bond nor on the other. The prayer of the bill was that an account be taken to ascertain the full amount due the county ; that the two sets of sureties be required to interplead, in order to determine the liability on the respective bonds ; and that a decree be rendered against the proper sureties, according to the liability on the several bonds. The bill was demurred to, on the grounds, amongst others, (1) that the remedy at law was adequate, and (2) that the bill was multifarious. The demurrer was sustained, the bill dismissed, and the complainant appealed.

*Calvin Perkins*, for the appellant.

1. The complicated accounts necessary to be stated between

the tax-collector and the county make it proper to sue in a court of chancery.  *Taff Vale R. Co.* v. *Nixon*, 1 H. L. Cas. 121 ; Adams' Eq. 227 ; Bispham's Eq., sect. 486 ; 1 Dan. Ch. Pr. 667.

2. Upon the facts presented by the bill, it is not multifarious as to the parties defendant.  *United States* v. *Eckford*, 1 How. (U. S.) 250 ; 1 Dan Ch., Pr. 334, 341 ; *Allfrey* v. *Allfrey*, 1 Mac. & G. 87 ; *Governor* v. *McEwen*, 5 Humph. 263 ; Adams' Eq. 226 ; *Gistring* v. *Keightly*, 9 Ch. Div. 552 ; *Vernon* v. *Vaudry*, 2 Atk. 119.

*D. A. Scott*, on the same side.

1. The complainant's remedy is in equity, and not at law. *Lewenthall* v. *The State*, 51 Miss. 645.

2. The bill is not multifarious.  27 Miss. 234 ; 48 Miss. 553 ; Story's Eq. Pl. 313, 315 ; 5 Madd. 138 ; 1 Dan. Ch. Pr. 339, note 1 ; Mitford's Eq. 271, 279, and note ; Adams' Eq. 618, 619, and note ; 56 Miss. 491.

*Reid & Wynn*, for the appellees.

1. The complainant has a plain, adequate, and complete remedy at law.  *Boyd* v. *Swing*, 2 Geo. 182 ; *Lewenthall* v. *The State*, 51 Miss. 650 ; *Matthews* v. *The State*, 57 Miss. 1.

2. The bill is multifarious, because it joins two distinct demands against two different sets of sureties.  *McNeill* v. *Boston*, 1 How. 516 ; *Wren* v. *Gayden*, 1 How. 365 ; *Jones* v. *Foster*, 50 Miss. 49 ; *Watson* v. *Cox*, 1 Ired. Eq. 289 ; *McGowan* v. *McGowan*, 48 Miss. 563 ; *Roberts* v. *Starke*, 47 Miss. 262.

*Frank Johnston*, on the same side.

The mere fact that there are two bonds does not give a court of equity jurisdiction of this case.  Each bond is a legal obligation, the breach of which constitutes a matter cognizable purely at law.  The liability of each set of sureties is fixed, certain, and distinct.  The bonds have no connection with each other.  The difficulty as to making proof does not entitle the complainant to sue in a court of equity.

*L. Brame*, on the same side.

Where the remedy at law is plain and adequate, a court of

chancery cannot be resorted to. It does not follow from the fact that the case will be difficult to prove, that the remedy at law is not plain and adequate. Difficulty of proof is not a ground of equitable jurisdiction.

Our statute gives a complete remedy at law where matters of account are involved. Code 1880, sect. 1724.

COOPER, J., delivered the opinion of the court.

The facts charged in the bill, and admitted by the demurrer, show that for many reasons the interposition of a court of equity may be invoked. The transactions sought to be investigated are such that it is evident no adequate and complete relief can be obtained by suits at law. Numerous collections have been made by the tax-collector, for which the sureties on one bond or the other are liable; but the extent of the respective liabilities of each set of sureties cannot be determined until a long and complicated account shall be settled. The officer for whose acts they are bound was charged by law, not only with the collection of the taxes due to the county and State, but also with the duty of keeping in his office duplicates of all receipts given by him to the persons from whom the collections were made. This he failed to do, and it now becomes necessary for the complainant to make proof, by other evidence, of the time when each was made, in order that it may be known upon which bond the liability falls. The mass of testimony necessary to be taken, the number and variety of details to be examined, the contrary and conflicting rights and liabilities of the two sets of sureties, are subjects either of which is calculated to confuse a jury, and, when taken together, they present a case which juries are wholly unsuited to determine.

It is true that the liability of the sureties on the first bond ends where that of those on the second begins, and that they are together responsible for no single act of their principal; but the measure of their respective liabilities can only be determined by the ascertainment of facts which ought to be

shown by the books of their principal, and which, when found, may increase or lessen the liability of either set of sureties.

Each one of the defendants is equally interested in the examination of the facts relative to the undated receipts. It is to the interest of all that it shall be made to appear that the amount, if collected at all, was paid to the State or county; but if it shall be shown that such collections were not properly accounted for, they will still all be interested in the proceeding. The only change effected will be, that then, instead of making common cause against the complainant, they will separate themselves into two classes, and in turn become antagonists. The sureties on the first bond will attempt to prove that the amounts so collected were collected after the termination of their obligation, or that it was not appropriated by the officer until after they were released. On the other hand, the sureties on the last bond will be then found contending that the embezzlement of such collections was done before their liability was assumed. It is apparent that this controversy between the two sets of sureties must continue through the entire litigation; that there will not, at any time before the final decree, be a moment in which all the defendants will not be interested in the subject-matter of the suit. It is true that there is involved in the suit the contest as to the default in the payment of the collections made after the release of the sureties on the first bond, as to which they have no interest; but these controversies are so connected that it is impossible to separate them, and it is not necessary that each defendant shall be interested in the whole matter contested. It is enough if they are all interested in the general subject in litigation.

The case of *Governor* v. *McEwen et al.*, 5 Humph. 241, is on all-fours with the case at bar. McEwen had been elected to the office of superintendent of public instruction of the State, and as such executed a bond, with O. B. Hays and others as sureties. At the expiration of his term of office he was reëlected, and gave a new bond, with John Lanier and

others as sureties. Upon default of the principal, a bill was filed against the sureties on both bonds for an account. The complainant charged that it was impossible to state when the defaults occurred, because of the failure of the officer to keep correct books showing the receipts and disbursements of the funds which had been received by him during the two terms of office.

A demurrer was interposed by the defendants, and for cause it was argued that complainant had a complete and adequate remedy at law by separate suits on the respective bonds, and that the bill was multifarious. But it was answered that a court of chancery was a more appropriate forum for the settlement of the various and complicated transactions involved, and for adjusting the respective liabilities of the two sets of sureties.

In *Gay et al.* v. *Edwards et al.*, 30 Miss. 219, a bill was filed against the sheriff and his bailee by several judgment creditors, to recover certain funds which had been collected by the sheriff under attachments in favor of the complainants, a part of which had been deposited with Mr. Gay, and in answer to an objection that the remedy was complete at law, it was said: " There might have been circumstances under which Wynne alone might not have been liable for the money placed in the hands of Gay, and Gay was certainly not liable for more than he received; it was necessary for the complainants to go into equity for a discovery of the amount of the fund due from Wynne, and for an account and distribution."

It is evident that a court of equity can alone settle the complicated matters involved in this accounting. It is true that complainant might have instituted separate suits at law on the bonds, but this does not prevent him from availing himself of the assistance of the jurisdiction of equity. It is not true that equity has no jurisdiction of a cause because there is a remedy at law. If the remedy is inadequate to afford full and effectual relief, equity will afford relief, though the complainant might have sued at law.

The decree sustaining the demurrer is reversed. The demurrer is overruled, and leave given defendants to answer within thirty days after the mandate shall be filed in the court below.