PITTS *v.* CAROTHERS *et al.*[*]

(Division B. March 4, 1929. Suggestion of Error Overruled March 18, 1929.)

[120 So. 830. No. 27757.]

*Corpus Juris-Cyc. References: Equity, 21CJ, section 14, p. 36, n. 16; section 27, p. 50, n. 32; Injunctions, 32CJ, section 5, p. 23, n. 26; section 31, p. 53, n. 3, 4; p. 54, n. 10; section 496, p. 305, n. 59; As to what constitutes adequate remedy at law which will oust court of equity of jurisdiction, see 10 R. C. L. 275; 2 R. C. L. Supp. 1000; 4 R. C. L. Supp. 660; 5 R. C. L. Supp. 550. On jurisdiction of courts of equity to grant injunction in cases of irreparable injury, see 14 R. C. L. 345; 3 R. C. L. Supp. 215; 4 R. C. L. Supp. 898; 6 R. C. L. Supp. 814; 7 R. C. L. Supp. 459.

*Everett & Forman,* for appellant.

*Forrest G. Cooper,* for appellee.

698

GRIFFITH, J. On the 9th day of April, 1928, Mrs. Jessie G. Smith was the owner of a certain building on Second street in the town of Indianola, known sometimes as the Garrard building. This building and its equipment were suitable for carrying on therein the business of cotton buying, and, appellees being engaged in that business, they secured on the date mentioned a written lease for said property from Mrs. Smith, the owner, the term of the lease to begin on August 15, 1928, and to continue for one year. The written lease was well drawn, and nothing was omitted that would operate to impair its validity, and there is no substantial pretense in this case that it was not absolutely binding upon every party to this litigation.

Thereafter, on the 23d day of June, 1928, Mrs. Smith sold the said building to appellant, the deed executed expressly reserving for the benefit of appellees all rights that they had acquired by their lease aforesaid, and definitely reciting that the deed of conveyance to appellant was made subject to the right of possession that appellees would have in said building on and after the said 15th day of August, 1928.

Soon after his purchase of said property, the appellant, who was greatly in need of the whole of it for a salesroom and offices for his business as a distributor of automobiles, approached appellees in an effort to have them relinquish their lease for a consideration then offered, which effort was renewed on subsequent occasions. But appellant was unsuccessful in his efforts. He had entered into possession of the property, however, had made all the alterations and changes in it appropriate to his automobile business, had taken out of it the cotton sam-

ple bins and other equipment which appertained to the cotton buying business, and finally stated to one of the appellees that he could not afford, and did not expect, to relinquish possession on August 15th, or at any time thereafter, and would not recognize the lease held by appellees.

Accordingly, on the 16th day of August, 1928, the day following the accrual of their right of possession under their lease, appellees filed in the chancery court a bill for a mandatory injunction against appellant, and, without notice, the injunction was ordered, issued, and served on appellant on that same day. Without obeying the injunction or making any effort to do so, appellant immediately filed an answer and a motion to dissolve; but before the motion to dissolve could be heard appellees filed a petition upon which citation was presently served, suggesting that appellant be punished for contempt for his failure to obey the writ of injunction theretofore issued and served as aforesaid. All these matters were consolidated and heard together on September 3, 1928, when the chancellor made a decree overruling the motion to dissolve, adjudging appellant to be in contempt but granting him until September 6, 1928, to purge himself by complete obedience to said injunction, and allowing an appeal to the supreme court without *supersedeas*.

The further facts of the case are, as shown by the proof, that Second street in Indianola was the principal cotton-buying street; that the business of cotton buying is active only from about September 1st to January 1st of each year; that appellees had taken this Smith lease because they had been notified to give up their former location, and did give same up, the owner thereof having need of it for his own business; that appellees could obtain no other available location on said street than the one leased from Mrs. Smith, and to be compelled to go to some remote location during the busy months immediately upon them, while waiting upon the slow process of

a court of law, would result in an irreparable damage to them, because, although the damage would be considerable, there would be no way to estimate or compute the same under the rules of law; that the first term of the law court wherein a hearing could be had would not convene until March, 1929, long after the cotton season would be over and after appellees would have suffered practically the total loss of their lease, and, finally, that appellant was insolvent, or at least was so involved financially as to render an execution of doubtful efficiency.

It is the principal contention of appellant that a proceeding by way of mandatory injunction to remove a party in possession of real property is wholly out of harmony with all the principles of our jurisprudence and is not to be tolerated even in a case like this; that appellants should have availed of their remedy at law, and that, having come wrongfully into chancery, should be turned out by a reversal of the decree herein. There is no doubt of the jealousy of our law in the matter of resorting to chancery for the summary eviction of a party in possession, nor of the firmness of the fixed principle that recourse shall not be had to chancery when there is a plain, adequate, and complete remedy at law. It is equally well settled however—although the principle now to be mentioned is to be strictly limited—that the remedy at law must be as practicable and efficient to the ends of justice as the remedy in equity. *Irwin* v. *Lewis*, 50 Miss. 368; *Richardson* v. *Brooks*, 52 Miss. 118; *State* v. *Brown*, 58 Miss. 840; *Scruggs* v. *Blair*, 44 Miss. 412.

That the case at bar comes within the principle last stated is not to be doubted. It would not be to the credit of our jurisprudence where the right of the complainant is so clear and certain as to be beyond a reasonable doubt, and the want of right on the part of defendant is equally clear and certain that the strong arm of the court of chancery should be withheld on the ground that there is some sort of remedy at law although so inferior in prac-

tical efficiency as to amount under the peculiar circumstances substantially to no remedy at all. We require that parties shall go to courts of law whenever the remedy there is adequate because chiefly of our general political and juridical policy of preserving the right of trial by jury wherever feasible. But when a care for the possession of property is such that there could be no issue to be submitted to the jury, and the damages are irreparable, there is a case for a mandatory injunction upon full preliminary hearing. So clear, so certain, and so overwhelmingly established in points of fact or facts are the issues in this case respecting the right of appellees and the want of right of appellant that were the case in a court of law there would be nothing to submit to the jury, and the circuit judge would be compelled to grant a peremptory instruction in favor of appellees; and thus we have, when coupled with irreparable damages, a very practical illustration of the exceptional case respecting possession when resort may be had to chancery by way of injunction, and mandatorily, upon full preliminary hearing as aforesaid, to do that about which there is no doubt in matter of substantive right.

Counsel for appellant, pressing his argument still further, says that there is no right of action either in equity or in law unless there be damage, or, in effect, that courts do not sit to redress wrongs when no damages are or can be shown. He says: "If damages are so remote and so speculative that they cannot be determined to ascertained with any degree of accuracy, then under our law, there is no damage, and if no damage, no injury, and if no injury, certainly there was no right for the granting of a mandatory injunction." Unwittingly appellant has furnished one of the definitions of irreparable injury under the rules of equity in reference to injunctions. An injury is irreparable when it cannot adequately be compensated in damages or where there exists no certain pecuniary standard for the measurement of the damages.

Where the extent of the prospective injury is uncertain or doubtful so that it is impossible to ascertain the measure of just reparation, the injury is irreparable in a legal sense, so that an injunction will be granted to prevent such an injury. To render an injury irreparable it is not necessary that the pecuniary damage be shown to be great, but, on the contrary, the fact that in an action at law the jury could award only nominal damages often furnishes the very best reason for interference by a court, of equity by injunction. See 32 C. J., pp. 53, 54, and the numerous cases there cited.

The rightfulness of the resort to equity is further strengthened in this case by the facts, first, that under his deed from Mrs. Smith, appellant became in substance a party to the lease held by appellees, for the enforcement of the terms of which appellees might turn to equity for a specific performance; and, second, because certain of the equipment covered by appellees' lease was taken away by appellant, which to replace or restore a court of law would have no power specifically to do.

It follows from what has above been said that we approve the decrees of the chancellor from which this appeal is taken. We strongly disapprove, however, of the original *fiat* ordering the issuance of this injunction without notice. Rule XXI in Chancery, adopted under the authority of section 2, chapter 115, Laws 1920, and which therefore forms a part of the positive procedural law of this state, provides: "No preliminary injunction on *ex parte* application will be granted without a citation upon or notice to the defendant giving a reasonable opportunity to him to be heard in opposition thereto, save only in cases where it is either wholly impracticable to give such notice, or else the circumstances are so extremely urgent as to permit of no delay." The chancellor and all the parties resided in Indianola, and there is no kind of suggestion that the circumstances were so extremely urgent as not to permit a day or two's notice. The *fiat* was un-

lawfully granted; nevertheless it was not void. The learned chancellor must have seen this error upon reflection and thereupon corrected it, for it is observed that he did not punish the appellant for disobeying the injunction, and in fact gave him upon the subsequent hearing sufficient and reasonable additional time to make compliance with it.

*Affirmed.*