JONES *et ux. v.* SPEARMAN *et al.*

(Division B. Jan. 13, 1936. Suggestion of Error Overruled Mar. 23, 1936.)

[165 So. 294. No. 32024.]

782

I. L. Sheffield, of Fulton, for appellants.

Homer F. Benson, A. T. Cleveland, and W. L. Elledge, all of Fulton, for appellees.

**Anderson, J.**, delivered the opinion of the court.

Appellants, M. A. Jones and wife, filed their bill in the chancery court of Itawamba county against appellees, Spearman and the trustee in a deed of trust held by Spearman on eighty acres of land owned by appellants, seeking under the mortgage moratorium statute (chapter 247, Laws 1934) to enjoin the foreclosure of the deed of trust in pais. The cause was heard on original bill, answer, and cross-bill, proofs, and exceptions to the commissioner's report. There was a final decree dismissing the original bill and granting the relief sought by appellee Spearman in his cross-bill. From that decree appellants prosecute this appeal.

Appellants owned eighty acres of land in Itawamba county. On October 24, 1930, they executed a deed of trust on the land to secure a note of that date for seven hundred dollars in favor of R. E. Barrett, due November 12, 1930. On August 6, 1931, Spearman became the owner by purchase of the note and deed of trust. Appellants had paid practically nothing on the indebtedness up to January 1, 1935; in fact they had failed to keep the taxes on the land paid. Spearman requested the trustee in the deed of trust to proceed to foreclose by advertisement and sale; accordingly, the trustee advertised the land to be sold on January 14, 1935. Pending the advertisement and before the sale, appellants filed their bill under the mortgage moratorium statute alleging that they had exhausted every means of refinancing the loan and had failed; that they were unable under federal regulations to refinance the indebtedness through any agency or in-

strumentality of the United States government. The bill contained fully the allegations required by the moratorium statute. Spearman filed an answer to the bill denying all of its material allegations, and made his answer a cross-bill seeking foreclosure by decree of the court.

On the trial the evidence showed that some time during the year 1932 appellants applied to the Federal Land Bank for a loan with which to pay this indebtedness and the application was denied; that appellants had made no application to the Federal Land Bank or any other federal agency since that time for a loan. The evidence tended to show further that during the year 1932 the federal land banks were making few loans, but beginning with 1933 they had become much more liberal in making loans. The chancellor in his opinion, made a part of the record, found as a fact that it had been at least two and a half years since appellants had made application to the Federal Land Bank for a loan, and according to some of the testimony probably longer than that, and further that during the year 1932 the federal land banks were practically "shut down and not loaning any money," but beginning with 1933 and continuously since had been very liberal in making loans.

The court rendered a decree dissolving the injunction and granting the prayer of Spearman's cross-bill for foreclosure, and appointing a commissioner to carry out the decree. The commissioner accordingly advertised the sale for June 3, 1935.

On June 1, 1935, only two days prior to the day fixed for the sale, appellants exhibited to the chancellor in vacation a petition setting up that since the decree of sale they had exhausted all federal agencies for a loan to pay the indebtedness without avail, and praying for another writ of injunction under the provisions of the moratorium statute. It was also averred in the bill that the advertisement of sale by the commissioner was void. Spearman

and the commissioner were made parties defendant, and the sale by the commissioner sought to be enjoined. The court dismissed the petition. The land was sold by the commissioner on June 3, 1935, as advertised, and purchased by Spearman. The sale was reported to the court, exceptions were filed thereto by appellants, and the report and exceptions thereto were heard on June 8, 1935. The exceptions were overruled, and the report confirmed. No proof was offered to sustain the exceptions. The questions raised by the exceptions were principally those theretofore raised in the progress of the cause.

Appellants contend that upon the hearing, under section 4 of the moratorium statute, it was the duty of the court, in lieu of a present order of sale, to direct and require appellants to pay all or a reasonable part of the income or rental value of the land toward the payment of taxes and interest on the mortgage indebtedness together with a reasonable sum for the upkeep of the property. In other words, the court had no right to go into the question as to whether the allegation in the bill that all federal agencies had been exhausted without success was true or false. There is no merit in that contention. Every material allegation in the bill, as in any bill in equity, is issuable. A mortgagor must not only allege, but if required so to do by answer prove, the exhaustion of all federal agencies. Appellants failed to do this, as found by the chancellor, whose finding was amply justified by the evidence.

The commissioner's notice of sale failed to name appellant's wife as one of the mortgagors. Appellants contend that under the authority of Wilkinson v. Federal Land Bank of New Orleans, 168 Miss. 645, 150 So. 218, 151 So. 761, the notice was void and therefore the sale was. In the Wilkinson Case, section 2167, Code 1930, providing a method of foreclosure on deeds of trust in pais, was under consideration. The court held that as expressly provided by the statute the mortgagor or mort-

gagors had to be named in the advertisement. Such foreclosures are outside court procedure; the notice of sale by the trustee is all that is required to apprise the mortgagor or mortgagors that foreclosure is to take place. That statute has no application whatever to foreclosures in chancery. The advertisement and sale under such decrees are regulated by section 457 et seq., Code 1930. There is no provision that all the mortgagors shall be named in the sale notices. In fact there is no sound reason for any such requirement, all the interested parties are in court—mortgagors as well as mortgagees—they know who the commissioner is, they are expected to follow up the proceedings and ascertain the sale day fixed in order to protect their rights.

Were appellants entitled to make a case under the mortgage moratorium statute after the decree of foreclosure had been rendered? We think this question must be answered in the negative. Appellants had to stand on the case they had when they filed their bill. Section 3 of the moratorium statute expressly so provides. The exhaustion of all federal agencies without avail is a condition precedent to the granting of the order enjoining the foreclosure. It is a condition that must exist before, not after, the injunction is issued. Furthermore, the equitable principle of diligence would bar appellants from relying on a case made after the decree of foreclosure had been rendered.

Affirmed.