FEDERAL LAND BANK OF NEW ORLEANS *v*. LEE *et al*.

(Division B. Feb. 10, 1936.)

[165 So. 613. No. 32019.]

**J. M. Thomas, T. H. Hedgepeth** and **W. L. Pack, Jr.,** all of New Orleans, La., and **John A. Yeager,** of Lumberton, for appellant.

Hathorn & Williams, of Poplarville, for appellees.

**Ethridge, P. J.**, delivered the opinion of the court.

The appellees filed a bill in the chancery court of Pearl River county, alleging that they were the owners of certain land in that county on which the Federal Land Bank of New Orleans held a deed of trust executed by appellees on June 16, 1924, to secure an indebtedness to be paid in thirty-five annual installments; that they paid all of the installments up to and including that due December 15, 1929, and they paid all taxes on said land up to and including the year 1930, but had made default in the payment of the installments and taxes on account of the financial depression. They further alleged that Congress, in an effort to lift the country out of said depression, has enacted various statutes to aid distressed farmers, and that they had applied to the Farm Credit Administration for a loan for the purpose of refinancing their indebtedness to the Federal Land Bank, but that said bank had refused to accept the terms offered by the Commis-

sioner of the Farm Credit Administration, and the appellees were unable to refinance their indebtedness through any agency or instrumentality of the government. They then proceeded to invoke chapter 247 of the Laws of Mississippi of 1934, commonly called the "Moratorium Law," and averred that they were willing for the court to hear evidence as to the value of the property and enter such orders as might be proper under such law; that the Federal Land Bank was not an agency, department, bureau, board, or commission of the United States; and prayed for a preliminary injunction restraining the foreclosure of the deed of trust, and that the court make all proper orders in the case. The bill was presented to the circuit judge, who indorsed thereon his fiat directing the chancery clerk to issue the injunction prayed for and expressly stipulating that no bond be required. The injunction writ was issued and served upon the appellant. The appellant demurred to the bill assigning, among other things, that there was no equity on the face of the bill, and that the deed of trust in question was exempt under section 14 from the operation of the Moratorium Law. With the demurrer was filed a motion for the dissolution of the preliminary injunction and a petition asking the chancellor to set the matter for hearing in vacation. The chancellor set the matter for hearing in vacation, and at the time and place designated, he entered an order sustaining the demurrer. The motion to dissolve the injunction was also sustained, but the appellees were granted time in which to file an amended bill of complaint, and the injunction was left in force until the time for filing the amended bill had expired, and the decree provided that if the amended bill was not filed within the proper time the injunction should stand dissolved. The amended bill set up that Congress had made appropriations to permit Federal Land Banks to grant extensions to borrowers on their delinquencies. 12 U. S. C. A., 781, as amended, subdivision 10 of which provides

as follows: ''Tenth.—Extension of obligations unpaid under terms of mortgages. When in the judgment of the directors conditions justify it, to extend, in whole or in part, any obligation that may be or become unpaid under the terms of any mortgage, and to accept payment of any such obligation during a period of five years or less from the date of such extension in such amounts as may be agreed upon at the date of making such extension. The sum of $25,000,000 of the amount authorized to be appropriated under section 698 of this chapter shall be used exclusively for the purpose of supplying any bank with funds to use in its operations in place of any amounts of which such bank may be deprived by reason of extensions made as provided in this paragraph.''

The amended bill was demurred to, but the demurrer was overruled, the court holding that section 14 of chapter 247 of the Mississippi Moratorium Law did not include the Federal Land Bank, and granted an appeal to settle the principles of the case.

In the case of Federal Land Bank v. W. L. Tatum, 164 So. 319, decided November 25, 1935, we held that the Federal Land Bank of New Orleans was included in the exemption granted in section 14, of chapter 247, Laws of 1934. This decision, however, was subsequent to the chancellor's ruling in this case made on July 8, 1935.

It was alleged in the bill that the bank had extended credit to practically all of its other debtors in the territory where the appellees lived, but was arbitrarily refusing to grant them such extensions, and that the court was vested with discretion in the matter, and that the bank directors had no authority to act arbitrarily in the matter.

We do not think the courts have the power to review the discretion of the banks' directors, and that whether the act of the bank in the case at bar was proper or not is not a judicial question, but was an administrative or-

der for the directors of the bank. The courts have no power to compel the extension of credit, or to determine whether credit should be given or not.

We think the reasoning in the case of Federal Land Bank of Omaha v. Wilmarth, 218 Iowa, 339, 252 N. W. 507, 94 A. L. R. 1338, is sound, and we follow it in the case here. Furthermore, we think the court should not grant an injunction, especially where no bond is given to protect the holder of the debt, without a hearing on the matter, if reasonably possible, before the injunction is granted. Pitts v. Carothers, 152 Miss. 694, 120 So. 830. Chapters 247, Laws of 1934, is an emergency law, and the preamble thereto recites the conditions that should exist before it should be invoked, and if these conditions do not exist at the time the application is made for an injunction, it should be refused. The remedies of that chapter can only be availed of in a time of emergency, such as to justify the use of the police power to prevent a considerable loss. When the emergency has passed, the act ceases to be operative.

It was held in the case of Standard Lumber & Manufacturing Co. et al. v. Deposit Guaranty Bank & Trust Company, 169 Miss. 120, 152 So. 639, that an emergency because of financial depression alone cannot be set up to hinder and delay a mortgagee in his legal and contractual rights, and the fact that property sold under a foreclosure suit might sell for much more at a later date will not afford any ground, in equity, for setting aside the sale.

The chancellor should inquire carefully, and take testimony in all cases to show whether or not there is a right to an injunction, before it is issued. Unless an extreme situation arises which would prevent a hearing, such should be had, but, at all events, he should take testimony and make inquiry of the applicant to ascertain that the existing conditions warrant the injunction.

It seems from the cases in this court that many persons

have erroneous ideas as to the right conferred by chapter 247, Laws of 1934, and as to the conditions under which it may be invoked.

It is said in the brief for the appellees that the recent special session of the Legislature had passed a new act making Federal Land Banks subject to chapter 247. We cannot take notice of this act because the rights of the parties are governed by conditions existing at the time the injunction was issued.

The judgment of the court below will be reversed and the bill dismissed.

Reversed, and bill dismissed.