ATLANTIC LIFE INS. Co. *v.* KLOTZ *et al.*

(Division B.   May 30, 1938.)

[181 So. 519.   No. 33245.]

244

Roach & Jones, of McComb, for appellant.

L. H. McGehee, of McComb, for appellees.

**Griffith, J.,** delivered the opinion of the court.

On April 20, 1929, appellees, husband and wife, gave a deed of trust to appellant on their residence for the principal sum of $4,000, the title being in the husband. The stipulated payments were made for a while, but in the fall of 1936, these payments had become considerably in arrears; and at that time, city, county and state taxes were outstanding for the year 1936, and also in whole or in part for 1934 and 1935. There was also a paving lien upon the property for $1,386.18. On January 2, 1937, appellee, the husband, and, as aforesaid, the owner of the property, agreed, in writing, with appellant that if appellant would advance and pay the taxes, including the paving assessments aforesaid, amounting in the aggregate to about $2,175, and would also advance to the contractor the cost of repainting the residence in the sum of $264.50, appellee would, under an extension agreement, proceed at once towards the retirement of the aggregate amount due at the rate of $76.26 per month. These advances were made by appellant, but the wife refused to execute the formal extension agreement, later tendered appellees by appellant. Appellant then agreed to reduce the payments to $60.32 per month, but this offer was refused.

Thereupon the trustee advertised the property for sale under the original deed of trust, designating July 8, 1937 as the day of sale. Before the arrival of that day appellees exhibited their bill under the moratorium statute, and an injunction was issued thereon without notice or any reason shown or appearing for not giving notice. The only allegation in the bill in regard to any efforts on the part of complainants to refinance the loan, as is required by Section 3, Chapter 287, Laws 1936, is

the general averment "that on account of general conditions they are unable to refinance things." Soon thereafter appellant filed its answer and motion to dissolve. In its answer appellant denied that appellees had been unable to refinance the indebtedness, and denied that they had made the efforts in that respect which are required under the cited chapter of the laws.

Proof was taken, but not a word was offered by complainants to show that they had made the efforts at refinancing, specifically required by the statute; nor was there a word in excuse of the issuance of the injunction without notice. In Jones v. Spearman, 174 Miss. 781, 165 So. 294, this court expressly held that a mortgagor must not only allege, but, if required to do so by answer, must prove the exhaustion of all federal agencies, and that this is a condition precedent to relief under the moratorium act. In Federal Land Bank v. Lee, 174 Miss. 774, 165 So. 613, we held that before an injunction is issued under the moratorium law, notice shall be given to the lien holder, if reasonably possible; and there the court called attention to the emergency nature of the moratorium law, and the necessity of showing in all things the emergency to exist in the case at hand.

These decisions had been rendered and the opinions published more than a year before the injunction in this case was issued. It is evident, therefore, that they were overlooked or else were disregarded. We observe that in a few other sections of the state no attention is being given to the requirement which we have announced, that these injunctions must not be issued without notice when reasonably possible to give notice. In view of this fact and that these moratorium injunctions are issued without bond, we now further announce that after the publication of this opinion if the moratorium law is to be any further enforced, when any injunction is issued thereunder without notice, and when reasonably possible to give the notice, we shall regard the complainant in

thus demanding his alleged right to an injunction, to have so impregnated his said demand with a violation of the law in immediate respect to it that his bill should and will be dismissed for that reason alone.

Appellant insists that this bill should be now finally dismissed because of the extension agreement made on January 2, 1937, in faith of which appellant advanced the sum of nearly twenty-five hundred dollars, as mentioned in the first paragraph of this opinion. Although the extension agreement was not formally executed, appellant invokes the maxim that "Equity will regard that as done which ought to be done," and that thereby the provisions of Section 12, Chapter 287, Laws 1936, would come into operation under which as to extension agreements for monthly installments extending over a period of more than three years, the moratorium statute is not available.

There are manifest difficulties which beset the pathway of the stated principle in this case, but none in the application of the doctrine of subrogation, by which, under the circumstances such as aforesaid, appellant is to be recognized as the subrogee of the liens of the city, county and state for the taxes and special assessments paid by appellant, and of the statutory lien for the repairs (see authorities reviewed in Box v. Early, Miss., 178 So. 793), to which liens the moratorium laws do not apply and as to which the joinder of the wife is not necessary; and whereby if complainants are to avail of the moratorium laws they must first remove the obstacle of the subrogated liens aforesaid, which can be done only by a precedent payment to appellant of the amount of said lien advancements with legal interest or by a tender thereof in cash with the bill; otherwise there would be a recourse to the moratorium statutes never contemplated by them under such circumstances as are here involved, and which, if enacted therein, would run beyond the boundaries of constitutional limitations already stretched as far as can possibly be supported.

The decree will be reversed and the cause remanded; and inasmuch as appellees were not entitled to the injunction under the showing made, a decree will be entered here dissolving the injunction, but without prejudice to the right of appellees to amend their bill in the respects aforesaid, and to pay, or tender into court, in cash, the amount necessary to retire the subrogated items aforesaid, and thereupon, notice being given, to apply for a new injunction, which shall not be issued until all the requirements herein mentioned are fully complied with by appellees.

Except for the re-enactment of said moratorium statute by House Bill No. 152, Laws 1938, the decree herein would have been already without further effect, inasmuch as Section 16, Chapter 287, Laws 1936, expressly provided that no postponement thereunder should extend beyond May 1, 1938. We think it may be now seriously questioned whether any such emergency continues to exist in this state as will support the further operation of the re-enacted so-called moratorium law, especially as to deeds of trust and mortgages given before the passage of these statutes. Whether the emergency still exists upon which the continued operation of such a law depends is always open to judicial inquiry. Wilson, etc., Corporation v. Colvard, 172 Miss. 804, 814, 161 So. 123. Courts take judicial knowledge of general conditions throughout their territorial jurisdiction, and we must begin to have some comprehension, as everybody else who is observant, that general business conditions have now returned to that which is as nearly normal as will perhaps ever again exist upon the general average in this section. It may, therefore, well be now inquired, whether there is constitutional warrant for the further continuance of the enforcement of said moratorium laws.

Appellant, by its answer and by some of its proof, has

apparently raised this question, but has not pressed it in argument. We, therefore, go no further in response to it than what is said in the foregoing paragraph.

Reversed, injunction dissolved and remanded.