FEDERAL LAND BANK OF NEW ORLEANS *et al. v.* BRUMFIELD *et al.*

(Division B. March 27, 1939.)

[187 So. 522. No. 33632.]

Hall & Hall, of Columbia, and **E. F. Steiner**, **T. H. Hedgepeth**, and **W. L. Pack**, all of New Orleans, La., for appellants.

Mounger & Calhoun, of Tylertown, for appellees.

Argued orally by **Bernard Callender** and **T. H. Hedge-peth,** for appellant.

**McGehee, J.,** delivered the opinion of the court.

An injunction was obtained by appellees in January, 1938, without notice to appellant or the giving of the bond required by law, for the purpose of preventing a sale of land which was then being advertised to take place more

than twenty days thereafter under the terms of a valid deed of trust securing an indebtedness then in default. The bill of complaint asked not only that the sale be enjoined, but that the appellant be required to render an accounting as to the correct amount of the indebtedness due. Some reference is made in the bill to the financial depression, and it is alleged therein that the complainants are entitled to the benefits of the Moratorium Statute, Chapter 287 of the Laws of 1936, which provides for the issuance of an injunction without bond, under certain conditions, to stay the foreclosure of a mortgage, but the essential allegations in that behalf are not made. Section 3 of the act provides, among other things, that: ''Precedent to the granting of an order enjoining said foreclosure in pais it must affirmatively appear in the petition or complaint seeking such injunction that the petitioner is unable under federal regulations to refinance his indebtedness through any agency or instrumentality of the United States government, or that the creditor or holder of the indebtedness secured by the instrument sought to be enjoined has refused to accept the terms of the refinancing offered or recommended by any agency or instrumentality of the United States, or that an application for refinancing through a federal agency or instrumentality has been filed and is pending.'' Also Federal Land Bank of New Orleans v. Garner, Miss., 184 So. 469. Appellees not only failed to make the foregoing allegation, but on the contrary alleged that they had, as a matter of fact, been able to make the necessary arrangements for obtaining the full amount actually due and had already tendered the same to appellant. Obviously, therefore, the said Moratorium Statute had no application to afford relief to one so fortunately circumstanced. Pending their suit for an accounting, appellees were entitled to a writ of injunction to prevent the foreclosure of the security only upon condition that they give the injunction bond required by law, conditioned for the payment of the damages allowed by the statute, Section 432 of the Code of 1930, in

the event of its dissolution. Even though the bill had contained the essential allegations to render the Moratorium Statute applicable, the injunction could not properly have been issued without notice, since it affirmatively appeared that ample time for the giving of the notice intervened before the date of sale, and it is not shown that it was for any reason impracticable to do so. Federal Land Bank of New Orleans v. Lee, 174 Miss. 774, 165 So. 613; Atlantic Life Insurance Company v. Klotz et al., Miss., 181 So. 519; Jones v. Spearman, 174 Miss. 781, 165 So. 294.

A further reason why the injunction would not lie under the Moratorium Act, if an additional reason should be deemed necessary, is the fact that this deed of trust was executed prior to April 4, 1934, and had been renewed and extended on June 14, 1935, by a re-amortization agreement whereby the amount then due could be paid in monthly installments over a period of twenty years. Under Section 12 of the act such a mortgage is expressly excepted from its operation.

On the accounting feature of the suit, the bill of complaint did not waive answer under oath, and the appellant in response thereto submitted as an exhibit to its sworn answer a statement of the original loan showing the amount thereof, together with the credits for all amounts claimed by appellees at the trial to have been paid thereon, and also a copy of the note and deed of trust showing the rate of interest to be 5% per annum before maturity and 8% per annum on delinquencies, and which statement of indebtedness, note and deed of trust were introduced in evidence, showing a net balance due at the time of the final decree on November 23, 1938, of the sum of $989.33. It appears however that the appellant had rendered appellees a statement on October 5, 1934, which purported to show that as of October 1, 1931, they owed a balance of "unpaid principal" in the sum of $899.26, but which item the appellant's accountant testified had reference to the *unmatured* principal as of that date, and did not include a delinquency of $155.40, which would have made a

total indebtedness of $1,054.66. In the decree, the said sum of $899.26 was erroneously taken to be the correct amount due as of October 1, 1931, and there was then allowed interest thereon at 5% per annum, and the total indebtedness was fixed by the decree at the sum of $757, as of October 1, 1937, and the court found that this amount was tendered appellant on that date. This calculation entirely ignored the increased rate of interest on delinqencies provided for under the terms of the deed of trust. Then too, there was also deducted from the amount admitted by appellees in their pleadings and testimony to be due the further sum of $60, representing 5% of the original loan which was paid for capital stock that the appellees were required to purchase in the Walthall County Farm Loan Association by virtue of the provisions of the Federal Farm Loan Act (Sec. 733, Title 12 U. S. C. A.), which provides that: "Any person desiring to borrow on farm land mortgage through a national farm loan association shall make application for membership and shall subscribe for shares of stock in such farm loan association to an amount equal to 5 per centum of the face of the desired loan, said subscription to be paid in cash upon the granting of the loan." This capital stock is supposed to be paid off at par by the local association and retired upon the full payment of the loan. Pending the payment of the loan, it is held as collateral security by the local association. The amount thereof should not have been deducted from the indebtedness of the appellees due the appellant. Byrne v. Federal Land Bank, 61 N. D. 265, 237 N. W. 797; Federal Land Bank v. Warner, 42 Ariz. 201, 23 P. 2d. 563; Id., 292 U. S. 53, 54 S. Ct. 571, 78 L. Ed. 1120, 91 A. L. R. 380, and Knox National Farm Loan Association v. Phillips, 300 U. S. 194, 57 S. Ct. 418, 81 L. Ed. 599, 108 A. L. R. 738.

The statement of the indebtedness heretofore referred to, and which was erroneously relied on by appellees and adopted by the chancellor, as showing only $899.26 to be due on October 1, 1931, as a matter of fact disclosed

that there was due, according to the statement, the sum of $1,013.82, as of October 15, 1934, and it is not claimed by appellees that they made any payments after that date other than the sum of $60.46 on September 23, 1935, and $63.82 on October 1, 1936.

In holding the appellant bound by the particular item of $899.26 shown on the statement rendered appellees in October, 1934, as being the amount of "unpaid principal" instead of *unmatured* principal, due as of October 1, 1931, instead of looking to the statement as a whole, the circumstance seems to have been overlooked that appellees themselves thereafter agreed, on June 14, 1935, as recited in the re-amortization agreement, that they then owed appellant a balance of $985.51 as of March 25, 1935, and $422.33 of which is recited to have consisted of delinquencies. The admissions of the creditor, if in fact made, should have no more binding force than that of the debtor relating to the amount of indebtedness due.

Therefore, in view of the respective claims of the parties, the issue involved in this suit for an accounting was not what amount of indebtedness may have been shown by any previous statement rendered or consented to by either of the parties, but the real question before the court when its jurisdiction was invoked to obtain an accounting was the true amount of indebtedness actually due and owing, after taking into consideration the amount of the loan, the amounts and dates of the payments made thereon, and the accrued interest. Appellees having by their bill of complaint sought the aid of the court for the purpose of fixing the true amount of the indebtedness, instead of invoking the former statement as an alleged account stated, the question was not whether the former statement may or not have been inconsistent with the accounting rendered in the appellant's sworn answer, but rather whether the accounting rendered is in fact true and correct. There being neither dispute as to the date and amount of the loan, nor as to the dates and amounts of the payments made or of the credits given therefor,

and it appearing that the rate of interest on maturing installments and on the delinquencies is definitely fixed by the terms of the deed of trust itself, it necessarily follows that the correctness of the amount claimed by the appellant bank to be due under its accounting and statement rendered in connection with its answer, and testified to upon the trial, was clearly demonstrated.

The burden of proof was upon the appellees to show not only that they were entitled to the injunction against foreclosure of the deed of trust, and without the giving of a bond, (and in support of which alleged right no testimony was offered), but they were also required to prove that they had made payments on the indebtedness for which no credits had been given, or to otherwise show wherein the indebtedness claimed by appellant was incorrect. Federal Land Bank v. Garner, Miss., 184 So. 469. To meet this burden, appellees merely relied upon the item of $899.26 as "unpaid principal" shown in the statement rendered in October, 1934, as of October 1, 1931, and also upon a claim of usurious interest, not pleaded, and which claim is unsupported by the proof.

There being no evidence upon which we can sustain the decree of the court below, the same must be reversed; the indebtedness in favor of the appellant fixed at the sum of $989.33 as of November 23, 1938; and the injunction dissolved. It is so ordered.

Reversed and decree here for appellant.