WALKER, Justice,
for the Court.
This is an appeal from an order of the Chancery Court of the Second Judicial District of Jasper County, Mississippi, overruling a motion to dissolve a preliminary injunction. The chancellor allowed the defendant to take this interlocutory appeal pursuant to Mississippi Code Annotated section 11-51-7 (Supp.1979).
In 1977 Invesat Corporation loaned $400,-000 to Mississippi Farmers Association Meat Producers, Inc., a wholly-owned subsidiary of Mississippi Farmers Co-op Association. As part of the same transaction the complainants, E. L. Harrison, Jr., and Harrison Enterprises, Inc., gave Invesat Corporation a deed of trust on certain real property located in Jasper County as security for the loan. In addition, two other parties involved in the transaction assigned certificates of deposit in the amount of $100,000 each to Invesat to secure the loan.
In May of 1979, Invesat declared the loan to be in default and took steps to auction the certificates of deposit at public sale. One of a series of actions designed to postpone this impending sale was the filing of a bill of complaint for injunction and motion for preliminary injunction without notice in the Jasper County Chancery Court, on July 19, 1979. That same day, without notice to Invesat, the chancellor ordered that a preliminary injunction be issued conditioned upon the complainants posting a bond in the amount of $5,000.
Invesat’s motions to dissolve the preliminary injunction or in the alternative to require proper injunction bond in double the value of the property were overruled. However, the chancellor granted Invesat’s petition for an interlocutory appeal.
On appeal Invesat argues several valid assignments of error. We need only consider one, however. The preliminary injunction issued by the Chancery Clerk of Jasper County is void because it was issued without the bond being posted. Miss.Code Ann. § 11-13-5 (1972); International Asso *722 ciation of Bridge, Structural and Ornamental Ironworkers v. Howard L. Byrd Building Service, Inc., 284 So.2d 301 (Miss.1973); Federal Land Bank of New Orleans v. Brumfield, 185 Miss. 487, 187 So.2d 522 (1939).
In Griffith, Mississippi Chancery Practice § 448 (2nd Ed. 1950), the rule is stated as follows:
Before the clerk can validly issue the citation or the writ of injunction the bill must be filed and docketed, and he must not issue the writ of injunction until the bond required is given and approved. Before any preliminary writ or order can have the effect of an injunction, by whatever name the writ may be called, it is essential that bond be required and be given, and if it is not so done the injunction is a nullity.
We have carefully searched the record and can find no evidence that the bond required by the chancellor was ever posted. Further, although the point was argued in Invesat’s briefs, the appellees chose not to reply to that argument and have not filed a suggestion of diminution of record. We must therefore conclude that no bond was ever posted.
Because the complainants failed to post the $5,000 bond required by the chancellor’s order, the purported injunction is void and should be dissolved. We, therefore, reverse the chancellor’s order overruling Invesat’s motion to dissolve the preliminary injunction. We remand the cause to the lower court for ascertainment of the amount of damages to be awarded for wrongfully suing out of the injunction.
REVERSED AND REMANDED FOR ASCERTAINMENT OF DAMAGES.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, BROOM, LEE, BOWLING and COFER, JJ., concur.